UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIE PAPESH,

    Plaintiff,

v.                                          Case No. 2:08-cv-78-FTM-34SPC
                                            Honorable Patrick J. Duggan[*]

NCM OF COLLIER COUNTY, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

Plaintiff Marie Papesh ("Plaintiff") initiated this action against her former employer, NCM of Collier County, Inc. ("NCM"), alleging that NCM failed to pay her overtime wages in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219. Presently before the Court is Plaintiff's motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, filed February 2, 2009. NCM filed a response to the motion on March 3, 2009. For the reasons that follow, the motion is denied.

**I.    Factual and Procedural Background**

NCM is a structural subcontracting company, engaged in concrete and masonry construction. On January 19, 2005, NCM hired Plaintiff as the manager of its accounts payable department. Plaintiff's starting salary was $560.00 per week, which was

---

[*]United States District Court Judge for the Eastern District of Michigan sitting by assignment.

increased over time. Plaintiff also received certain fringe benefits, including sick pay, holiday pay, health insurance, and a flexible work schedule.

As manager of the accounts payable department, Plaintiff worked under the supervision of Sean Fuentes ("Ms. Fuentes"), who initially was NCM's Controller and subsequently its Chief Financial Officer. Plaintiff's responsibilities included creating a payable list based on the bills and invoices that NCM received, communicating with NCM's vendors regarding any discrepancies and/or problems with bills or invoices, printing out the list of payables on a regular basis, and processing the payments for the payables after the list was approved by Ms. Fuentes or NCM's owner and Chief Executive Officer, Michael Del Duca ("Mr. Del Duca"). During Plaintiff's employment, various individuals were assigned to perform clerical work under her direction. Plaintiff provided these individuals with assignments and reviewed their performance.

NCM terminated Plaintiff's employment in April 2007. On January 28, 2008, she filed the pending lawsuit for overtime wages.

## II.    Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52,

106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255. If there are disputes respecting material facts or if reasonable minds might differ on the inferences arising from undisputed facts, summary judgment is inappropriate and the matter must proceed to trial. *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983) (citations omitted).

### III. Applicable Law and Analysis

In her pending motion, Plaintiff seeks summary judgment with respect to her right to overtime wages pursuant to the FLSA while employed at NCM. She also asks the Court to find that she is entitled to liquidated damages under the statute. Lastly, Plaintiff asks the Court to rule that NCM's conduct was willful and therefore the FLSA's three-

year, rather than its two-year, statute of limitations applies to her claim.

### A. Whether Plaintiff was entitled to overtime wages

Under the FLSA, employers must compensate employees above their usual rate when they work more than forty hours in a week. 29 U.S.C. § 207(a). Employees falling within certain defined categories, however, are exempt from this requirement. *See* 29 U.S.C. § 213. For example, the statute does not require overtime compensation for an "employee employed in a bona fide executive, administrative, or professional capacity." *Id*. § 213(a)(1). The employer carries the burden of proving the applicability of the exemption and the overtime provisions are narrowly construed against the employer. *Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 965 (11th Cir. 1997) (citations omitted).

The FLSA authorizes the Department of Labor to develop regulations defining and implementing the exemptions. 29 U.S.C. § 213(a). The governing regulations define an "employee employed in a bona fide capacity" as follows:

> [A]ny employee:
>
> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . .;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200. In the present matter, for purposes of her motion, Plaintiff does not

dispute that she meets the first and second criteria. Plaintiff contends, however, that her position with NCM did not involve "the exercise of discretion and independent judgment with respect to matters of significance." *Id*.

The Department of Labor has enacted regulations defining what this phrase means:

> In general, the exercise of discretion and independent judgment involves the comparison and the evaluations of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

29 C.F.R. § 541.202. The regulations further provide that "[t]he phrase 'discretion and independent judgment' must be applied in light of all the facts involved in the particular employment situation in which the question arises." *Id*. § 541.202(b). While the exercise of discretion and independent judgment implies that the employee makes independent choices, without immediate direction or supervision, the fact that an employee's decisions are reviewed by a supervisor does not mean that the employee is not exercising discretion and independent judgment. *Id*. § 541.202(c).

The regulations provide a lengthy list of factors to consider in determining whether the "discretion and independent judgment" criteria is satisfied. 29 C.F.R.§ 541.202(b). This unexhaustive list of factors includes the following:

> . . . whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; . . . whether the employee has authority to waive or deviate

5

> from established policies and procedures without prior
> approval; whether the employee has authority to negotiate and
> bind the company on significant matters; . . . whether the
> employee investigates and resolves matters of significance on
> behalf of management . . .

*Id.* The regulations further provide examples of work that do *not* constitute the exercise of discretion and independent judgment, such as: "clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work." *Id.* § 541.202(e).

In her affidavit submitted in support of her motion for summary judgment, Plaintiff maintains that she was simply NCM's "accounts payable person" and that she essentially performed data entry. (Pl.'s Mot. Ex. B.) Plaintiff contends that she exercised no discretion or independent judgment in this role because the manner in which she carried out her duties was dictated by NCM's procedures and guidelines or Florida Lien Law. (*Id.*)

For example, Plaintiff maintains that she simply created a payable list based on the invoices received from NCM's vendors and that the amounts and dates of payments were based on the vendors' invoices and the amounts negotiated between the vendors and NCM's purchasing department. (*See, e.g., id.* ¶¶ 12-13.) According to Plaintiff, if there was a conflict between a vendor's invoice and the purchase orders, she lacked authority to resolve the discrepancy and had to seek instructions from Ms. Fuentes. (*Id.* ¶16.) Similarly, if there was an issue with a vendor's bill, Plaintiff maintains that she lacked the authority to negotiate with the vendor and bind the company. (*Id.* ¶ 22.) Plaintiff

6

contends that Ms. Fuentes and Mr. Del Duca had to approve the payables list and then, based on the list, Plaintiff prepared checks for the vendors. (*Id.* ¶ 8.) After Mr. Del Duca or Ms. Fuentes signed the checks and placed them in envelopes for mailing, Plaintiff provides that she simply put them in the mail. (*Id.*)

NCM, in comparison, provides that Plaintiff was employed to manage its accounts payable department and that she "had substantial discretion and authority in dealing with the significant matters entrusted to her as the head of the payables department." (Def.'s Resp. Att. 2 ¶ 7 (Fuentes Aff.).) NCM points out that Plaintiff oversaw the payment of tens of millions of dollars for the company. (*Id.* Att. 1 ¶ 7 (Del Duca Aff.).) Regardless of the due date on vendor invoices, NCM maintains that Plaintiff had the discretion– and exercised that discretion– in deciding when to put a vendor on the payables list and when to pay a vendor. (*Id.* Att. 2 ¶ 7; Doc. 43 at 51-52 (Papesh Dep.).) NCM further maintains that, contrary to Plaintiff's assertion, when she noted a discrepancy or a problem with a bill or invoice, she was authorized to contact the vendor and resolve the matter on the company's behalf. (Def.'s Mot. Att. 1 ¶ 7, Att. 2 ¶ 7.)

Moreover, NCM notes that Plaintiff was responsible for overseeing the job performance of staff members assigned to her department and was asked to provide her input regarding their performance. (Doc. 43 at 56-57.) As well, NCM points out the distinction between Plaintiff's salary and the wages paid employees who filled its data entry or receptionist positions. NCM paid those non-exempt employees by the hour and did not provide them with any fringe benefits. (Def.'s Mot. Att. 1 ¶ 8.) Plaintiff, in

comparison, received the same salary regardless of the number of hours she worked and she received vacation and sick time, holiday pay, and health insurance benefits. (*Id*.; Att. 2 ¶ 5.)

This Court finds NCM's evidence sufficient to create a genuine issue of material fact with respect to whether Plaintiff's duties required the exercise of discretion and independent judgment. A trier of fact crediting Mr. Del Duca's and/or Ms. Fuentes' description of Plaintiff's responsibilities could conclude that she performed work that affected NCM's business operations to a substantial degree and that she was granted and exercised the authority to negotiate and resolve matters on NCM's behalf. *See* 29 C.F.R. § 541.202(b).

### B. Whether Plaintiff is entitled to liquidated damages and damages for any period prior to January 28, 2006, if she prevails

The statute of limitations for pursuing claims for unpaid overtime wages under the FLSA generally is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). To establish that the violation of the act was willful, the plaintiff must prove by a preponderance of the evidence that the employer "either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 1681 (1988)). The federal regulations define "reckless disregard" as "the failure to make

adequate inquiry into whether the conduct is in compliance with the [FLSA]." 5 C.F.R. § 551.104. A finding that the employer's conduct was willful is relevant as well to determining the amount of the employee's damages.

Generally, an employer found to have violated the FLSA is liable for the amount of the employee's unpaid wages or compensation "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An employer can avoid a liquidated damages award, however, by demonstrating that it acted in good faith and had reasonable grounds for believing that the employee was not entitled to overtime compensation under the statute. *Alvarez Perez*, 515 F.3d at 1163 (citing 29 U.S.C. § 260). In *Alvarez Perez*, the Eleventh Circuit Court of Appeals held that a finding of willfulness in deciding the applicable statute of limitations forecloses a finding that the employer acted in good faith with respect to the liquidated damages issue. *Id*. at 1166.

Even if this Court assumes that the trier of fact eventually will conclude that Plaintiff's position with NCM was not exempt from the FLSA's overtime requirements, the Court cannot find at this time that NCM's conduct was willful or lacking in good faith or that NCM lacked reasonable grounds to believe that Plaintiff was not entitled to overtime compensation. These determinations depend upon a finding of what Plaintiff's job responsibilities actually entailed.[1] As indicated above, there now is a genuine issue of

---

[1]For example, if Plaintiff's job clearly involved nothing more than data entry– as she maintains– the Court may be more likely to find that NCM recklessly disregarded its responsibility to comply with the FLSA and lack reasonable grounds to believe that Plaintiff was not entitled to overtime compensation. In comparison, if Plaintiff's job required something more, NCM's claim that she was exempt under the FLSA may be more plausible depending on

dispute in this regard.

**IV. Conclusion**

In summary, the Court finds that genuine issues of material fact exist which prevent it from deciding as a matter of law that NCM violated the FLSA and that it did so wilfully or without a good faith belief and reasonable grounds to believe that Plaintiff was exempt from the statute's overtime requirements.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **DENIED**.

DATE: May 27, 2009                                  s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

copies to:
Andrew Frisch, Esq.
Mark Cohn, Esq.

---

what Plaintiff's duties specifically were.